[781 NYS2d 751]

In the Matter of MATTHEW M. RUSSO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 20, 2004

APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Jerome Karp, P.C.*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers in his affidavit that by decision and order on motion dated July 31, 2003, this Court authorized the Grievance Committee for the Tenth Judicial District to institute and prosecute a disciplinary proceeding against him based upon a decision of the Supreme Court, Nassau County, entered June 8, 1999, in an action entitled *Posin v Russo*. By decision and order of this Court dated October 30, 2000, the judgment dated June 30, 1999, in that action was affirmed (*see Posin v Russo*, 276 AD2d 764 [2000]).

The respondent acknowledges that he cannot successfully defend himself on the merits in the disciplinary proceeding. The allegations concern the respondent's conduct in relation to a New York State corporation in which he and another individual were 50% shareholders, resulting in the Supreme Court finding that he breached his fiduciary duties and misappropriated funds belonging to the corporation. The respondent avers that he has fully satisfied the judgment in that case.

In the decision and order on motion dated July 31, 2003, this Court also determined that the respondent was collaterally estopped from contesting any factual issues in the disciplinary proceeding, having found that the allegations contained in the petition were based entirely on the findings of the Supreme Court in *Posin v Russo* (*id.*). The respondent had a full and fair opportunity to litigate the propriety of the Supreme Court's determination.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not subject to coercion or duress by anyone. He discussed his decision to resign with his attorney, Jerome Karp, and others whose advice and counsel he respects, and he is fully aware of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The respondent avers that his resignation is submitted subject to any application which could be made by the petitioner for an order directing that he make restitution and reimburse the

Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Court to make such an order, which might be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner recommends acceptance of the respondent's resignation and dismissal of the disciplinary proceeding authorized by the decision and order on motion of this Court dated July 31, 2003, as academic.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The previously authorized disciplinary proceeding against this respondent is discontinued in light of his resignation.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of the respondent, Matthew M. Russo, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew M. Russo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Matthew M. Russo, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew M. Russo, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Matthew M. Russo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated July 31, 2003, is discontinued.